1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACKIE TATES,<br><br>                               Petitioner,<br><br>          v.<br><br>UNKNOWN, Warden<br><br>                            Respondent. | Civil No.    07cv1356 J (CAB)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254

### FAILURE TO SATISFY FILING FEE REQUIREMENT

Petitioner has failed to either pay the $5.00 filing fee or move to proceed in forma pauperis.  This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis.  *See* Rule 3(a), 28 U.S.C. foll. § 2254.

### FAILURE TO NAME A PROPER RESPONDENT

Review of the Petition reveals that Petitioner has failed to name a proper respondent.  In a federal habeas petition, a state prisoner must name the state officer having custody of him as the respondent.  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254).  Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent.  *See id.*

The warden is the typical respondent.  However, "the rules following section 2254 do not specify the warden."  *Id.*  "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal

institutions.' " *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note).  If "a petitioner is in custody due to the state action s/he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).' " *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

The Ninth Circuit has long held that "a petitioner may not seek [a writ of] habeas corpus against the State under the authority of which the petitioner is in custody.  The actual person who is custodian must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968).  This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court.  "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has not named any Respondent.  In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which she is presently confined or the Director of the California Department of Corrections. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## **FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

Habeas petitioners who wish to challenge either their state court convictions or the length of their confinement in state prison must first exhaust state judicial remedies.  28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).  To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. *See* 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34.  Moreover, to properly exhaust state court remedies a petitioner must allege, *in state court*, how one or more of his or her federal rights have been violated.  Nowhere in the Petition does Petitioner allege that she raised her claims in the California Supreme Court.  If Petitioner has raised her claims in the California Supreme Court, she must so specify.

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a one-year period of limitation shall apply to a petition for a writ

of habeas corpus by a person in custody pursuant to the judgment of a state court.  The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D) (2002).  The statute of limitations does not run while a properly filed *state* habeas corpus petition is pending.  *See* 28 U.S.C. § 2244(d)(2); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  However, absent some other basis for tolling, the statute of limitations does run while a *federal* habeas petition is pending.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ."  Rule 4, 28 U.S.C. foll. § 2254.  Here, Petitioner is not presently entitled to federal habeas relief because she has not alleged exhaustion of state court remedies.

**FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS**

A § 2254 Petition for Writ of Habeas Corpus is not the proper vehicle for Petitioner's claims challenging the conditions of her confinement.  Petitioner asserts that she has been improperly isolated from the general prison population because she is a transgendered individual.  (*See* Pet. at 3-4.)  These claims are not cognizable in a § 2254 habeas petition because they do not challenge the constitutional validity or duration of Petitioner's confinement. *See* 28 U.S.C. § 2254(a); *Heck v. Humphrey*, 512 U.S. 477, 480-85 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

1   Challenges to the fact or duration of confinement are brought pursuant to 28 U.S.C.

2   § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act,

3   42 U.S.C. § 1983.  *See Preiser*, 411 U.S. at 488-500.  When a state prisoner is challenging the

4   very fact or duration of his physical imprisonment, and the relief he seeks is a determination that

5   he is entitled to immediate release or a speedier release from that imprisonment, his sole federal

6   remedy is a writ of habeas corpus.  *Id.* at 500.  On the other hand, a § 1983 action is a proper

7   remedy for a state prisoner who is making a constitutional challenge to the conditions of his

8   prison life, but not to the fact or length of his custody.  *Id.* at 499.  Here, it appears that Petitioner

9   challenges the conditions of her prison life, but not the fact or length of her custody.  In no way

10  does Petitioner claim her state court conviction violates the Constitution or laws or treaties of

11  the United States.

12                                        **<u>CONCLUSION</u>**

13           For the foregoing reasons, the Court **DISMISSES** this case without prejudice and with

14  leave to amend.  If Petitioner wishes to challenge her state court conviction with a Petition for

15  Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, she must submit, **no later than <u>October</u>**

16  **<u>15, 2007</u>:** (1)  a copy of this Order with the $5.00 fee or with adequate proof of her inability to

17  pay the fee **AND** (2) a First Amended Petition which names a proper respondent and which

18  alleges a cognizable federal claim.  If Petitioner wishes to challenge the conditions of her

19  confinement, she must file a new civil complaint pursuant to 42 U.S.C. § 1983 which will be

20  given a new civil case number.  **THE CLERK OF COURT IS DIRECTED TO MAIL**

21  **PETITIONER A BLANK MOTION TO PROCEED IN FORMA PAUPERIS, A BLANK**

22  **FIRST AMENDED PETITION FORM (28 U.S.C. § 2254) AND A BLANK CIVIL**

23  **RIGHTS COMPLAINT FORM (42 U.S.C. § 1983).**

24           **IT IS SO ORDERED.**

25  DATED:  August 14, 2007

26  _____

27  HON. NAPOLEON A. JONES, JR.
    United States District Judge

28  cc:      Magistrate Judge Bencivengo
             All Parties